UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                            |
RODOLFO CRUZ GAUNA #597097,                 |    Civil Case No. 2007-898
                                            |
    Plaintiff,                              |    HONORABLE PAUL L. MALONEY
                                            |
    v.                                      |    Magistrate Judge Carmody
                                            |
MARY BERGHUIS *et al.*,                     |
                                            |
    Defendants.                             |
_____

**Order Overruling the Petitioner's Objection and Adopting the R&R;
Dismissing the Complaint as Frivolous and Barred by *Heck v. Humphrey*;
Terminating the Case**

This matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Wednesday, December 19, 2007 and was sent to Gauna by regular U.S. mail on Thursday, December 20, 2007. Federal Rule of Civil

Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). The court assumes *arguendo* that Gauna did not receive the R&R from the prison mail-room until one week later, on Thursday, December 27, 2007. Thus, the ten-day objection period began on Friday, December 28, 2007.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday December 29, Sunday December 30, Monday December 31 (New Year's Eve) and Tuesday January 1 (New Year's Day). The second through fourth days ran on Wednesday January 2 through Friday January 4. Excluding Saturday January 5 and Sunday January 6, the fifth through ninth days ran on Monday January 7 through Friday January 11. The deadline for objections was midnight on Monday, January 14. Gauna's objection received by the court on Thursday, January 10 was timely.

The defendants have not filed a response to Gauna's objection, and the time for them to do so has expired.

The court finds the R&R to be well-reasoned. For the reasons explained by the R&R, Gauna's complaint, which he denominated as a civil-rights action rather than a petition for writ of habeas corpus, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because its success would necessarily render his conviction invalid or imply that it was invalid.

In *Heck*, a state-prison inmate brought a § 1983 action alleging that the defendants (a prosecutor and a police investigator) violated his constitutional rights by conducting an illegal investigation that led to his arrest, destroying exculpatory evidence, and using an illegal voice-identification procedure at trial.

*Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 599 (6th Cir. 2007) (citing *Heck*, 478 U.S. at 478-79), *reh'g & reh'g en banc denied* (6th Cir. Jan. 7, 2008). The Supreme Court analogized Heck's § 1983 claim to a tort claim for malicious prosecution; an element of a malicious-prosecution claim is a showing that the plaintiff prevailed in the earlier criminal proceeding that gave rise to his malicious-prosecution lawsuit. *Powers*, 501 F.3d at 599-600 (citing *Heck*, 478 U.S. at 484). The Court noted that this "favorable-termination requirement" protects against the risk of inconsistent judgments that collateral attacks on criminal convictions could otherwise engender. *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 484-85).

Accordingly, the Supreme Court held that a § 1983 damages action in connection with an allegedly unlawful conviction will not lie unless the claimant, like a malicious-prosecution plaintiff, can show that the underlying conviction or sentence has been invalidated, i.e., reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 486-87).

Moreover, the Supreme Court in *Heck* instructed that even if the plaintiff nominally challenges something other than his conviction or sentence, the favorable-termination requirement applies whenever a judgment in his favor would "necessarily imply the invalidity of his sentence; if it would[,] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 487).

Although *Heck*'s holding by its terms originally applied only to § 1983 claims seeking monetary damages, the Supreme Court later extended the *Heck* rule to bar claims seeking injunctive or declaratory relief that would necessarily imply that a conviction or sentence is invalid. "[A] state prisoner's § 1983 action is barred . . . – *no matter the relief sought (damages or equitable relief)*, no matter the target of the

3

prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Thomas v. Eby*, 481 F.3d 434, 438-39 (6th Cir. 2007) (emphasis added) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)), *reh'g & reh'g en banc denied* (6th Cir. July 31, 2007); *see also Ibrahim v. U.S. Parole Bd. Members*, 80 F. App'x 421, 422 (6th Cir. 2003) ("*Heck* applies whether the plaintiff seeks injunctive or monetary relief.") (citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)).[1]

Accordingly, because the awarding of monetary, injunctive, or declaratory relief on Gauna's § 1983 claim would necessarily imply that his conviction was invalid, the complaint as written is barred by the *Heck* doctrine. *See, e.g.,* holding that state prisoner's § 1983 claim making precisely the same argument as Gauna was barred by *Heck*: *Headings v. Schmidt*, No. 1:07-cv-933, 2008 WL 151246 (W.D. Mich. Jan. 14, 2008) (Enslen, J., adopting R&R of Carmody, M.J.); *Floyd v. Berghuis*, No. 1:07-cv-1012, 2008 WL 59167 (W.D. Mich. Jan. 3, 2008) (Neff, J., adopting R&R of Scoville, M.J.); *Taylor v. Berghuis*, No. 1:07-cv-896, 2007 WL 4557852 (W.D. Mich. Dec. 21, 2007) (Miles, J.).

Gauna's objection seems to assert that he actually intended to file a habeas petition all along, but he expressly concedes that it is logical to view his complaint as instituting a civil action, and that, as a civil action, his complaint fails to state a claim on which relief be granted and is frivolous. Gauna writes:

> I, Rodolfo Cruz Gauna[,] received the court['s] . . . Report and Recommendation. It states the courts recommend dismissal of the complaint for failure to state a claim. *Yes, no claim was stated*. * * * This instant action appeal was not, nor was it ever intended to be brought forth as a civil suit. It is an Instant Action Appeal, intended to be filed as a Habeas Corpus. *  *  * *The courts* however *deemed this Instant Action Appeal as a civil suit and one can see why because of bringing pursuant to 28 U.S.C. § 1331 and not pursuant to 28 U.S.C. § 2254.*
> 
> *  *  *
> 
> *  *  * So yes, when the courts deemed this to be a civil suit, the courts are correct in the

---

[1] *Cf. also Portis v. Michigan Dep't of Corrections*, 82 F. App'x 457, 459 (6th Cir. 2003) (after citing *Heck*, Circuit notes that *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) held that a state prisoner's claim for injunctive relief is cognizable only under 28 U.S.C. § 2254).

statement that I failed to state a claim.  *Also the courts deemed this appeal to be frivolous, and again are correct* not because it is truly frivolous, but the courts deemed it as a civil suit and not what it was intended to be as a[n] Instant Action Appeal on the Habeas Corpus line and my fault on not bringing pursuant to 28 U.S.C. § 2254. * * *

Gauna's Objection at 1-2 (emphasis added).

### ORDER

Accordingly, having reviewed Gauna's complaint, the R&R, and Gauna's timely objection to the R&R, the court hereby **OVERRULES** Gauna's objection and **ADOPTS** the R&R.

The complaint is **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), for failure to state a claim on which relief can be granted.

This dismissal **SHALL** count as a "strike" for purposes of 28 U.S.C. § 1915(g).  *See Jarvis v. Berghuis*, No. 1:07-cv-988, 2008 WL 441391, *3 (W.D. Mich. Feb. 14, 2008) (Maloney, J.); *Westbrook v. O'Brien*, No. 1:07-cv-937, 2007 WL 3462337, *2 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (also treating *Heck* dismissal of state prisoner's § 1983 action as a strike for purposes of the Prison Litigation Reform Act), *recon. denied*, 2007 WL 4327377 (W.D. Mich. Dec. 10, 2007)[2]

---

[2]

*See also Matthews v. Berghuis*, No. 1:07-cv-897, 2008 WL 205207, *2 (W.D. Mich. Jan. 18, 2008) (Jonker, J.);

*Headings*, 2008 WL 151246 at *3 (Enslen, J.);

*Floyd*, 2008 WL 59167 at *1 (Neff, J.);

*Bernard v. Brinkman*, No. 1:07-cv-459, 2007 WL 2302354, *4 (W.D. Mich. Aug. 7, 2007) (adopting R&R of Brenneman, M.J.).

*Accord Sims v. Daughterty*, No. 3:06-cv-131, 2006 WL 4990909, *1 (N.D. Ind. Mar. 10, 2006) (Miller, C.J.) ("Dismissals, with or without prejudice, pursuant to *Heck* are considered strikes pursuant to § 1915(g) because when the complaint was filed it failed to state a claim upon which relief can be granted."), *cited with apparent approval by Pointer v. Wilkinson*, 502 F.3d 369, 373 n.4 (6th Cir. 2007) (McKeague, J.).

This case is **TERMINATED.**

**This order is final, but it is not appealable** because there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See Jarvis*, 2008 WL 441391 at *3 and *Westbrook*, 2007 WL 3462337 at *4 (both citing *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997)).[3]

**IT IS SO ORDERED this 27th day of February, 2008.**

/s/ Paul L. Maloney

_____

Paul L. Maloney
United States District Judge

---

[3]*See also Matthews*, 2008 WL 205207 at *3 (Jonker, J.) (citing *McGore*);

*Floyd*, 2008 WL 59167 at *1 (Neff, J.) (citing *McGore*);

*Taylor*, 2007 WL 4557852 (Miles, J.) (citing *McGore*).